IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BANK OF ENGLAND                                         APPELLANT

v.                      No. 4:12-cv-578-DPM

M. RANDY RICE, Trustee                                  APPELLEE

ORDER

Bank of England claims to have a perfected security interest in rice owned by Dudley R. Webb Jr. Farms Joint Venture because the Bank says it dealt with a partnership and not the individual debtors, Dudley R. Webb Jr. and his wife Peggy J. Webb. The Bank asks the Court to hold that the Bankruptcy Court* handling the Webbs' estate did not have subject matter jurisdiction to authorize Trustee Rice's sale of the rice. The Bank also says that the Bankruptcy Court's factual findings were clearly erroneous, leading to an incorrect determination that the rice was part of the individual debtors' estate. The Bank's claim hangs on a single question: Is Dudley R. Webb Jr. Farms Joint Venture a partnership under Arkansas law?

It is not. The distinction between partnership and joint venture matters

---

* The Honorable Audrey R. Evans, United States Bankruptcy Judge.

in this case because partnership property is not the property of the individual partner's bankruptcy estate. *In re Burnett*, 241 B.R. 438, 439 (Bankr. E.D. Ark. 1999). If the rice belonged to the partnership rather than a joint venture in which the Webbs participated, then the sale proceeds should satisfy the partnership's debt at Bank of England, not the Webbs' creditors. The Court reviews the Bankruptcy Court's factual findings for "clear error" and its legal conclusions *de novo*. *In re Burnett*, 241 F.3d 1005, 1007 (8th Cir. 2011).

In considering whether the joint venture is a partnership, Judge Evans heard testimony from Mr. Webb, Bank representative Joey Adams, and Trustee Rice. She also reviewed almost eighty exhibits and heard counsel's arguments before ruling from the bench, a salutary practice. The Court confirmed its oral ruling in a written order. No. 4:12-ap-01044 (Bankr. E.D. Ark. 3 July 2012), *Document No. 41*.

Mr. Webb testified that the assets of the joint venture and the estate were "all one in the same." Mr. Webb also said that the venture was formed for the purpose of involving his wife more in the farm's operations and to help establish her credit. The Webbs always reported farming operation income on Schedule F of their individual tax returns rather than a Form 1065

partnership return. The Schedule did include the joint venture's federal tax ID number. There were no bills of sale documenting hard asset transfers for depreciation claimed by the joint venture, a typical partnership practice.

Bank representative Adams testified that Bank of England loaned money for farm operations to the Webbs individually. Business was done this way both before and after the joint venture's formation. Adams also said the Webbs submitted personal federal income tax returns and individually signed loan agreements for the joint venture. The Webbs did not designate that they were partners or acting as partners.

Trustee Rice testified that the Bank's original motion for relief from the automatic stay Court assumed the rice was part of the Webbs' estate; the motion did not include the joint-venture agreement. Rice also said that the Bank did not disclose information about its dealings with the Webbs and the joint venture that had occurred around the time they filed for bankruptcy. According to Rice, the Bank did not try to exercise control over the rice until a few months later. This move necessitated the immediate determination of whether the rice was property of the Webbs' estate or a of separate entity.

The Bank presented no evidence that the Webbs' joint venture had

separate balance sheets or inventories. There was no evidence that this entity was registered with the Arkansas Secretary of State's office. The Webbs did not transfer any property to the joint venture at formation either. The joint venture agreement refers to the entity as a "partnership" once, but then it speaks unequivocally: "nothing herein shall be construed to create a partnership of any kind." While not determinative, of course, this expression of intention is clear and important.

The Bankruptcy Court's well-reasoned bench ruling, and later written order, considered all these facts and concluded that the Webbs' joint venture was not a partnership. The Court agrees. Intent is the test under Arkansas law. *Gammill v. Gammill*, 256 Ark. 671, 674, 510 S.W.2d 66, 68 (1974). Based on the facts of record, the Webbs did not intend to form a partnership and did not do so. *In re Curtis*, 363 B.R. 572, 578 (Bankr. E.D. Ark. 2007).

Deciding whether the entity was a partnership was a core proceeding necessary to determine if the rice was part of the Webbs' bankruptcy estate. 28 U.S.C. § 157(b)(2)(A). The Bankruptcy Court therefore had subject matter jurisdiction to decide this issue. 11 U.S.C. § 541. That power extended to authorizing Trustee Rice to sell the Webbs' rice for the estate's benefit and to

stopping the Bank's assertion of control. Contrary to the Bank's argument, the Bankruptcy Court's partnership decision did not involve an erroneous "separate entity" test. Rather, the Court considered the lack of registration with the Arkansas Secretary of State as part of its finding the material facts, a necessary step along the way to deciding whether the joint venture's assets were property of the Webbs' bankruptcy estate.

Affirmed.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

4 February 2013